UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE VELAZQUEZ, on behalf of himself and all others similarly situated,<br>　　　　Plaintiff,<br>　vs.<br><br>FAIR COLLECTIONS & OUTSOURCING, INC.,<br>　　　　Defendant. | Case No. 1:12-cv-4209<br><br>Judge _____<br><br><br>Jury Demanded |

## CLASS ACTION COMPLAINT

Plaintiff JOSE VELAZQUEZ ("Velazquez"), by his counsel, Kenneth M. DucDuong, and for his Complaint against Defendant FAIR COLLECTIONS & OUTSOURCING, INC. ("FCO"), to obtain damages, costs of suit, and other suitable relief from Defendant, for its violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, states and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction in this action by virtue of 28 U.S.C. § 1331, because the matter in dispute involves federal laws arising under the FDCPA, 15 U.S.C. § 1692(k). This Court has federal jurisdiction over the TCPA claims. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

2. Venue is proper in this District under 28 U.S.C. § 1391(b) because the allegations herein relate to Defendant's transactions in this District by causing a communication to Plaintiff within this District, and a substantial cause of action occurred within this district.

### PARTIES

3. Plaintiff is a natural person and a consumer who resides in this district.

4. Defendant FAIR COLLECTIONS & OUTSOURCING, INC. ("FCO") was and is a debt collection agency engaging in providing debt collection services of debts owed to third parties. FCO is incorporated and registered in the State of Maryland, and located at 12303 Baltimore Avenue #E, Beltsville, MD 20705.

5. FCO registered as a debt collection agency in the State of Illinois to conduct debt collection activity in this state and therefore is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

6. The purported debt that Defendant FCO attempted to collect from Plaintiff is a consumer debt for Plaintiff's personal, household or family purposes as that term is defined under § 1692a(5) of the FDCPA because the debt allegedly owed arose from rents for Plaintiff's apartment.

## CLASS ALLEGATIONS

7. Plaintiff brings this lawsuit on behalf of himself and all other persons similarly situated, as members of the proposed Plaintiff's Class A and B (the "Class") and, under Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

8. Beginning at least as early as in 2005 or thereabout, the exact date and year being unknown to Plaintiff, and continuing to the present, Defendant represents hundreds of companies, condominium associations and homeowners associations in the United States and in Illinois, including Realty & Mortgage Co., Inc.

9. As part of Defendant's collection business practices, Defendant regularly sends consumers' collection letters and dun consumers by telephone calls, which fail to contain certain required information in violation of the FDCPA and the TCPA.

10. As part of its established debt collection policy and practice, Defendant regularly used and uses an automated telephone dialing system to place collection calls to Plaintiff and class members' cellular phone. Defendant placed these collection calls to cellular phone with without the called party's prior express consent.

11. This action is brought and may properly be maintained as a class action pursuant to the Federal Rules of Civil Procedure 23. This action satisfies the numerosity, predominance, typicality, adequacy, and/or superiority requirements of those provisions. Plaintiff does not know the exact size of the class. Such information is in Defendant's possession due to the nature of the trade and business involved, and the fact that Defendant regularly represented and presently represents many businesses like Realty & Mortgage Co., Inc., a property management company, in this action.

12. Common questions of law and fact exist as to all members of the class and predominate over any questions affecting individual members of the class, including Plaintiff, including but not limited to:

As to Plaintiff's TCPA claims,

    a. Whether Defendant used an automated telephone dialing system and/or artificial or pre-recorded voice within the meaning of the TCPA;

    b. Whether Defendant without prior express written permission or consent, or absent an emergency, placed collection calls to Plaintiff's and class members' cellular phones to collect a debt; and

    c. Whether such practices violated the TCPA;

As to Plaintiff's FDCPA claims,

    a. Whether Defendant's collection practices violated the FDCPA.

13. On information and belief, Plaintiff believes that there are more than 100 members in the class, and the class members are so numerous and dispersed geographically that their joinder in this action is impracticable.

## FACTS COMMON TO ALL COUNTS

14. The purported debt as alleged in this Complaint that the Defendant FCO attempted to collect from Plaintiff is a consumer debt because the debt allegedly owed arose from a residential lease for his apartment.

15. The purported debt was later assigned or referred to Defendant for collection.

16. On or about October 25, 2011, Defendant sent Plaintiff a collection letter (the "initial collection letter") demanding immediate payment for a purported debt. *See* Exhibit "A".

17. On or about November 14, 2011, Defendant sent Plaintiff a collection letter (the "second collection letter"), demanding immediate payment for a purported debt while threatening to report the purported debt to all national credit reporting agencies. *See* Exhibit "B".

18. Shortly thereafter, Defendant began calling Plaintiff's cell phone at (312) XXX-5262 (the "cellular number") to collect the purported debt using an automated dialing system.

19. Defendant had no prior express written consent or permission from Plaintiff to call his cellular number to collect a debt.

**The Telephone Consumer Protection Act of 1991**

20. In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* in response to a growing number of consumer complaints regarding certain telemarketing practices.

21. Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications

Act of 1934, 47 U.S.C. § 201 *et seq*. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of Section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii).

22. On January 4, 2008, the Federal Communications Commission ("FCC") released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Protection Act of 1991, Request of ACA Int'l for Clarification and Declaratory Ruling* (the "FCC Declaratory Ruling"), 23 F.C.C.R. at 564-65 (¶ 10). The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." *Id.*; *see also February 12, 2012 Report and Order* by the FCC.

23. Automated Dialing Systems, also known as Predictive Dialing Technology, are commonly used in the Debt Collection industry. *See* e.g. "The Challenges of Change," Federal Trade Commission (2009), http://www.ftc.gov/bcp/workshops/debtcollection/dcwr.pdf.

**COUNT I—TCPA Violations (Strict Liability)**

24. Plaintiff re-states, re-alleges, and incorporates by reference all prior paragraphs in this paragraph.

25. Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of Defendant in negligently, knowingly, and/or willfully placing

collection calls to Plaintiff on his cellular telephone without his prior express consent within the meaning of the TCPA.

26. The TCPA provides consumers like Plaintiff a private right of action. 42 U.S.C. § 227(b)(3). Moreover, the TCPA also provides for trebling of damages for willful or knowing violation of this subsection. *Id*.

27. Plaintiff proposes the following Class definition (Class A), subject to amendment as appropriate:

> All persons within the State of Illinois who, for the four years prior to the date of filing of this Complaint (the "Class A Period"), received a non-emergency telephone call from Defendant to his or her cellular telephone through the use of an automated telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls during the transaction that resulted in the debt owed. Excluded from the Class are Defendant, FCO and any entities in which Defendant or FCO has a controlling interest, Defendant's and FCO's respective agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

28. Section 227(b)(1)(A)(iii) prohibits calls, except emergency calls, to any cellular phone service or any services for which the called party is charged for the call without prior express consent from the called party. 47 U.S.C. 227(b)(1)(A)(iii).

29. Beginning November 2011, Defendant placed telephone calls using a pre-recorded or artificial message to Plaintiff's cellular number. The purpose of these calls was to collect a purported debt.

30. As part of its established policy and practice, Defendant regularly used and uses an automated telephone dialing system to place pre-recorded collection calls to Plaintiff's cell number demanding payment of an allegedly overdue debt, including but not limited to the following dates: November 6, 8, 23, 26, and 28, and December 7, 2011.

31. Defendant places these collection calls to Plaintiff's cell number (312) XXX-

5262, which was and is assigned to Plaintiff by a cellular telephone service (Plaintiff's "cellular number" or "cell phone").

33. Plaintiff never provided Defendant his cellular number, 312-XXX-5262, during any transaction giving rise to the purported debt.

33. The collection calls as alleged in Paragraph 31 of this Complaint were non-emergency calls.

34. Defendant regularly uses Predictive Dialing Technology or automated telephone dialing system in its debt collection practice.

35. Upon information and belief, Defendant also placed other pre-recorded collection calls to Plaintiff's cell phone from a masked or untraceable telephone number.

36. Plaintiff did not consent to Defendant to call his cellular number to collect a debt.

37. Defendant had no prior established business relationship with Plaintiff before placing the collection calls to Plaintiff's cellular number.

38. All telephone contact by Defendant to Plaintiff on his cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the date of filing of this Complaint.

39. Defendant did not have Plaintiff's "express consent" allowing Defendant to place telephone calls to Plaintiff's cellular number using an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

40. Defendant did not have Plaintiff's "express consent" allowing Defendant to leave prerecorded messages on Plaintiff's cellular number, within the meaning of 47 U.S.C. § 227(b)(1)(B).

41. Defendant's telephone calls to Plaintiff's cellular phone using an "automatic telephone dialing system" for nonemergency purposes, in this case for debt collection, and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

42. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See* FCC Declaratory Ruling, 23 F.C.C.R. at 565 (¶ 10).

43. Upon information and belief, Defendant, using an automated telephone dialing system, placed collection calls to more than 100 other cell phones without prior express written permission or consent from the cell phone's owners.

44. Therefore, Defendant's collection calls to Plaintiff's cellular phone were in violation of 47 U.S.C. 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully prays this Court for a judgment against Defendant as follows:

    A. Statutory damages in the amount of $500 for each call placed to Plaintiff's and class members' cellular phone;

    B. Reimbursement of Plaintiff's reasonable attorney fees and costs; and

    C. Other and further relief as this Court deems just and proper.

### COUNT II—TCPA Violations (Willful Liability)

45. Plaintiff re-states, re-alleges, and incorporates by references all prior paragraphs in this paragraph.

46. This count is brought on behalf of the same Class A as in Count I.

47. TCPA provides for not more than three times of $500 in damages for willful or knowing violation of the TCPA. 47 U.S.C. 227(b)(3).

48. Plaintiff and all Class members are also entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

49. Defendant placed collection calls to Plaintiff's cellular number with the intent to collect a debt from Plaintiff.

50. Defendant's collection calls to Plaintiff's cellular phone were not emergency calls.

51. Defendant's placement of collection calls to Plaintiff's cellular number are willful or knowing violations of 47 U.S.C. 227(b)(1)(A)(iii).

52. Therefore, Defendant is liable for three times of $500 in damages for each call placed to Plaintiff's cellular number.

WHEREFORE, Plaintiff respectfully prays this Court for a judgment against Defendant as follows:

    A. Statutory damages in the amount of $1,500 for each call placed to Plaintiff's and Class members' cellular phone;

    B. Reimbursement of Plaintiff's reasonable attorney fees and costs; and

    C. Other and further relief as this Court deems just and proper.

### COUNT III---FCDPA Violations (15 U.S.C. § 1692g)

53. Plaintiff re-alleges, re-states, and incorporates by reference paragraphs 1 through 23 in this paragraph.

54. This count is brought on behalf of Class B. Class B is comprised of all persons who, according to Defendant's record, meet the following criteria, subject to amendment as appropriate:

> All persons resided in Illinois and received (1) a form collection letter similar to Plaintiff's initial collection letter and (2) a second collection letter similar to

9

> Plaintiff's second collection letter within 30 days of the date of the initial collection letter. Excluded from Class B are Defendant, any entity in which Defendant has a controlling interest, any officers or directors of Defendant, the legal representative, heirs, successors, and assigns of Defendant, and any Judge assigned to this action, and his or her family; and

> Those persons whose collection letters were sent but were not returned by the postal service as undelivered or undeliverable.

55. Section 1692g of the FDCPA requires that a debt collector include a validation notice either with, or within five (5) days of, the initial communication from the debt collector to the consumer. 15 U.S.C. § 1692g.

56. Under the FDCPA, this validation notice must be effectively communicated, and may not be overshadowed, confounded, or eviscerated by other language or words as seen from the perspective of the reasonably unsophisticated consumer.

57. The collection letter sent to Plaintiff on October 25, 2011, Exhibit A, was the initial communication from Defendant.

58. The collection letter, Exhibit A, stated in bold, larger font size "**Payment Demand – $1624.50**" (Bold emphasis in original).

59. The collection letter further demands that Plaintiff "**[P]ay in full online anytime**" (Bold emphasis in original) placed in a prominent, separate bold text box. Exhibit "A".

60. On November 14, 2011, Defendant sent a second collection letter demanding immediately payment while threatening to report the purported debt to credit reporting agencies.

61. The initial collection letter, in conjunction with the second collection letter sent on November 14, 2011, overshadowed, confounded, contradicted, and eviscerated the thirty-day period provided under 15 U.S.C. § 1692g, from the perspective of the reasonably, unsophisticated consumer like Plaintiff, in violation of the FDCPA.

WHEREFORE, Plaintiff respectfully prays this Court for a judgment against Defendant

as follows:

    A.    Actual or statutory damages, or both, as permitted pursuant to 15 U.S.C. § 1692k.

    B.    Reimbursement of Plaintiff's reasonable attorney fees and costs; and

    C.    Other and further relief as this Court deems just and proper.

Dated: <u>May 30</u>, <u>2012</u>      Respectfully Submitted,
JOSE VELAZQUEZ

By: */s/Kenneth M. DucDuong*
    By and through his Attorney

*Counsel for Plaintiff:*

Kenneth M. DucDuong
KMD LAW OFFICE
35 E. Wacker Dr., 9th Floor
Chicago, IL 60601
312-854-7006
ARDC # 6286069

## DOCUMENT PRESERVATION DEMAND

    Plaintiff hereby demands that the defendant(s) takes affirmative steps to preserve all recordings, data, documents and all other tangible things that relate to plaintiff or the putative class members, the events described herein, any third party servicing special purpose accounts belonging to Plaintiff and members of the Class, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. This demand shall not narrow the scope of any independent document preservation duties of the defendant. Please contact the undersigned if you wish to discuss.

    */s/Kenneth M. DucDuong*
    Kenneth M. DucDuong
    One of Plaintiff's Attorneys

*Counsel for Plaintiff***:**

    Kenneth M. DucDuong
    ARDC# 6286069
    KMD L<small>AW</small> O<small>FFICE</small>
    35 E. Wacker Dr., 9th Fl.
    Chicago, IL 60601
    Tel.: (312) 854-7006

11

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

>  */s/Kenneth M. DucDuong*
> Kenneth M. DucDuong
> One of Plaintiff's Attorneys

*Counsel for Plaintiff*:

Kenneth M. DucDuong
ARDC# 6286069
KMD LAW OFFICE
35 E. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel.: (312) 854-7006

## ATTORNEY LIEN

The undersigned attorney asserts up to 1/3 as attorney lien in this action.

                                          */s/Kenneth M. DucDuong*
                                          Kenneth M. DucDuong
                                          One of Plaintiff's Attorneys

*Counsel for Plaintiff*:

Kenneth M. DucDuong
ARDC# 6286069
KMD LAW OFFICE
35 E. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel.: (312) 854-7006

13