UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE VELAZQUEZ, on behalf of himself and all others similarly situated,<br>      Plaintiff,<br>  vs.<br><br>FAIR COLLECTIONS & OUTSOURCING, INC.,<br>      Defendant. | Case No. 1:12-cv-4209<br><br>Judge Chang<br><br><br>Class Action<br><br>Jury Demanded |

## AMENDED COMPLAINT

Plaintiff JOSE VELAZQUEZ ("Velazquez"), by his counsel, Kenneth M. DucDuong, and for his Complaint against Defendant FAIR COLLECTIONS & OUTSOURCING, INC. ("FCO"), to obtain damages, costs of suit, and other suitable relief from Defendant, for its violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, states and alleges as follows:

### JURISDICTION AND VENUE

1.  This Court has original jurisdiction in this action by virtue of 28 U.S.C. § 1331, because the matter in dispute involves federal laws arising under the FDCPA, 15 U.S.C. § 1692(k) and 15 U.S.C. § 1681p of the FCRA. This Court has federal jurisdiction over the TCPA claims. *See Mims vs. Arrow Financial Services, LLC*, 421 F. App'x 920 (11th Cir. 2010) (unpublished), *rev'd*, 565 U.S., 132 S.Ct. 740, 753 (January 18, 2012); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

2.  Venue is proper in this District under 28 U.S.C. § 1391(b) because the allegations herein relate to Defendant's transactions in this District by causing a communication to Plaintiff within this District, and a substantial cause of action occurred within this district.

### PARTIES

1

3. Plaintiff is a natural person and a consumer who resides in this district.

4. Defendant FAIR COLLECTIONS & OUTSOURCING, INC. ("FCO") was and is a debt collection agency engaging in providing debt collection services of debts owed to third parties. FCO is incorporated and registered in the State of Maryland, and located at 12303 Baltimore Avenue #E, Beltsville, MD 20705.

5. FCO registered as a debt collection agency in the State of Illinois to conduct debt collection activity in this state and therefore is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

6. The purported debt that Defendant FCO attempted to collect from Plaintiff is a consumer debt for Plaintiff's personal, household or family purposes as that term is defined under § 1692a(5) of the FDCPA because the debt allegedly owed arose from rents for Plaintiff's apartment.

## CLASS ALLEGATIONS

7. Plaintiff brings this lawsuit on behalf of himself and all other persons similarly situated, as members of the proposed Plaintiff's Class "A" (the "Classes") and, under Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

8. Beginning at least as early as in 2005 or thereabout, the exact date and year being unknown to Plaintiff, and continuing to the present, Defendant represents hundreds of companies, condominium associations and homeowners associations in the United States and in Illinois, including Realty & Mortgage Co., Inc.

9. As part of Defendant's collection business practices, Defendant regularly sends consumers' collection letters and dun consumers by telephone calls, which fail to contain certain required information in violation of the FDCPA and the TCPA.

10. As part of its established debt collection policy and practice, Defendant regularly used and uses an automated telephone dialing system to place collection calls to Plaintiff and class members' cellular phone. Defendant placed these collection calls to cellular phone with without the called party's prior express consent.

11. This action is brought and may properly be maintained as a class action pursuant to the Federal Rules of Civil Procedure 23. This action satisfies the numerosity, predominance, typicality, adequacy, and/or superiority requirements of those provisions. Plaintiff does not know the exact size of the class. Such information is in Defendant's possession due to the nature of the trade and business involved, and the fact that Defendant regularly represented and presently represents many businesses like Realty & Mortgage Co., Inc., a property management company, in this action.

12. Common questions of law and fact exist as to all members of the class and predominate over any questions affecting individual members of the class, including Plaintiff, including but not limited to:

As to Plaintiff's FDCPA claims,

    a. Whether Defendant's collection practices violated the FDCPA.

    b. Whether Defendant's practice of using false names in communication with debtors like Plaintiff violated the FDCPA prohibiting the use of false representation.

13. In discovery, Defendant admitted that it dunned or attempted to dunn than 100 members in the class, and the class members are so numerous and dispersed geographically that their joinder in this action is impracticable.

14. This class action complaint is brought on behalf of Class (the "FDCPA" Class).

3

The FDCPA Class is comprised of all persons who, according to Defendant's record, meet the following criteria, subject to amendment as appropriate:

> All persons, within twelve months prior to the date of filing of this action, resided in Illinois and received (1) a form collection letter similar to Plaintiff's initial collection letter and (2) a second collection letter similar to Plaintiff's second collection letter within 30 days of the date of the initial collection letter; or (3) received collection calls from Defendant where Defendant used false names and/or representation.
>
> Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest, any officers or directors of Defendant, the legal representative, heirs, successors, and assigns of Defendant, and any Judge assigned to this action, and his or her family; and
>
> Those persons whose collection letters were sent but were not returned by the postal service as undelivered or undeliverable.

## FACTS COMMON TO ALL COUNTS

15. The purported debt as alleged in this Complaint that the Defendant FCO attempted to collect from Plaintiff is a consumer debt because the debt allegedly owed arose from a residential lease for his apartment.

16. The purported debt was later assigned or referred to Defendant for collection.

17. On or about October 25, 2011, Defendant sent Plaintiff a collection letter (the "initial collection letter") demanding immediate payment for a purported debt. *See* Exhibit "A".

18. On or about November 14, 2011, Defendant sent Plaintiff a collection letter (the "second collection letter"), demanding immediate payment for a purported debt while threatening to report the purported debt to all national credit reporting agencies. *See* Exhibit "B".

19. Before this, on or about September 26 and October 12, 2011, Defendant sent Plaintiff collection letters to an incorrect address, which, on information and belief, were returned.

20. Shortly thereafter, Defendant began calling Plaintiff's cell phone at (312) XXX-

5262 (the "cellular number") to collect the purported debt using an automated dialing system.

21. Defendant, through its authorized representatives or agents, attempted to collect an alleged debt from Plaintiff using a false name on the following dates: December 5, 7 and 9 in 2011; January 27 and 30, February 6 and 7 in 2012.

### COUNT I---FCDPA Violations (15 U.S.C. § 1692g)

22. Plaintiff re-alleges, re-states, and incorporates by reference paragraphs 1 through 21 in this paragraph.

23. Section 1692g of the FDCPA requires that a debt collector include a validation notice either with, or within five (5) days of, the initial communication from the debt collector to the consumer. 15 U.S.C. § 1692g.

24. Under the FDCPA, this validation notice must be effectively communicated, and may not be overshadowed, confounded, or eviscerated by other language or words as seen from the perspective of the reasonably unsophisticated consumer.

25. The collection letter sent to Plaintiff on October 25, 2011, Exhibit A, was the initial communication from Defendant.

26. The collection letter, Exhibit A, stated in bold, larger font size "**Payment Demand – $1624.50**" (Bold emphasis in original).

27. The collection letter further demands that Plaintiff "**[P]ay in full online anytime**" (Bold emphasis in original) placed in a prominent, separate bold text box. Exhibit "A".

28. On November 14, 2011, Defendant sent a second collection letter demanding immediately payment while threatening to report the purported debt to credit reporting agencies.

29. The initial collection letter, in conjunction with the second collection letter sent on November 14, 2011, overshadowed, confounded, contradicted, and eviscerated the thirty-day

period provided under 15 U.S.C. § 1692g, from the perspective of the reasonably, unsophisticated consumer like Plaintiff, in violation of the FDCPA.

WHEREFORE, Plaintiff respectfully prays this Court for a judgment against Defendant as follows:

    A.    Actual or statutory damages, or both, as permitted pursuant to 15 U.S.C. § 1692k.

    B.    Reimbursement of Plaintiff's reasonable attorney fees and costs; and

    C.    Other and further relief as this Court deems just and proper.

### COUNT II---FCDPA Violations (15 U.S.C. § 1692e)

30. Plaintiff re-alleges, re-states, and incorporates by reference paragraphs 1 through 21 in this paragraph.

31. Section 1692e generally prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. On or about December 5, 2011, Defendant, through its authorized representative or agent by the name of Devon Paul Taylor, attempted to collect, by telephone, a debt from Plaintiff by stating that he was "Andy Stone" or "Anthony Stone", without disclosing to Plaintiff that "Andy Stone" or "Anthony Stone" was a false name.

33. On or about December 7, 2011, Defendant, through its authorized representative or agent by the name of Devon Paul Taylor, attempted to collect, by telephone, a debt from Plaintiff by stating that he was "Andy Stone" or "Anthony Stone", without disclosing to Plaintiff that "Andy Stone" or "Anthony Stone" was a false name.

34. On or about December 9, 2011, Defendant, through its authorized representative or agent by the name of Elizabeth Diaz, attempted to collect a debt, by telephone, from Plaintiff

by stating that she was "Alicia Vera", without disclosing to Plaintiff that "Alicia Vera" was a false name.

35. On or about January 27, 2012, Defendant, through its authorized representative or agent by the name of Edward Smith, attempted to collect a debt, by telephone, from Plaintiff by stating that he was "Mark Stein", without disclosing to Plaintiff that "Mark Stein" was a false name.

36. On or about January 30, 2012, Defendant, through its authorized representative or agent by the name of Edward Smith, attempted to collect, by telephone, a debt from Plaintiff by stating that he was "Mark Stein", without disclosing to Plaintiff that "Mark Stein" was a false name.

37. On or about February 6, 2012, Defendant, through its authorized representative or agent by the name of Edward Smith, attempted to collect a debt, by telephone, from Plaintiff by stating that he was "Mark Stein", without disclosing to Plaintiff that "Mark Stein" was a false name.

38. On or about February 7, 2012, Defendant, through its authorized representative or agent by the name of Edward Smith, attempted to collect, by telephone, a debt from Plaintiff by stating that he was "Mark Stein", without disclosing to Plaintiff that "Mark Stein" was a false name.

39. By reason of the above allegations, including allegations in paragraphs 67 through 73, Defendant violated § 1692e of the FDCPA.

WHEREFORE, Plaintiff respectfully prays this Court for a judgment against Defendant as follows:

  D. Actual or statutory damages, or both, as permitted pursuant to 15 U.S.C.

    § 1692k.

  E. Reimbursement of Plaintiff's reasonable attorney fees and costs; and

  F. Other and further relief as this Court deems just and proper.

Dated: _____, 2012         Respectfully Submitted,
                    JOSE VELAZQUEZ

                    By: */s/Kenneth M. DucDuong*
                      By and through his Attorney

*Counsel for Plaintiff:*

Kenneth M. DucDuong
KMD LAW OFFICE
35 E. Wacker Dr., 9th Floor
Chicago, IL 60601
312-854-7006
ARDC # 6286069

**DOCUMENT PRESERVATION DEMAND**

  Plaintiff hereby demands that the defendant(s) takes affirmative steps to preserve all recordings, data, documents and all other tangible things that relate to plaintiff or the putative class members, the events described herein, any third party servicing special purpose accounts belonging to Plaintiff and members of the Class, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. This demand shall not narrow the scope of any independent document preservation duties of the defendant. Please contact the undersigned if you wish to discuss.

               */s/Kenneth M. DucDuong*
               Kenneth M. DucDuong
               One of Plaintiff's Attorneys

*Counsel for Plaintiff*:

 Kenneth M. DucDuong
 KMD LAW OFFICE
 35 E. Wacker Dr., 9th Fl.
 Chicago, IL 60601
 Tel.: (312) 854-7006

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

                        */s/Kenneth M. DucDuong*
                        Kenneth M. DucDuong
                        One of Plaintiff's Attorneys

*Counsel for Plaintiff*:

Kenneth M. DucDuong
KMD LAW OFFICE
35 E. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel.: (312) 854-7006