**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSE VELAZQUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Edmond E. Chang |
| | ) | |
| vs. | ) | Case No.: 1:12-cv-04209 |
| | ) | |
| FAIR COLLECTIONS | ) | Magistrate Judge Schenkier |
| & OUTSOURCING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY BRIEF IN SUPPORT OF FAIR COLLECTION
& OUTSOURCING, INC.'S MOTION TO DISMISS**

NOW COMES the defendant, Fair Collections & Outsourcing, Inc. ("FCO"), by and through undersigned counsel, and hereby submits the following reply brief in support of its motion to dismiss plaintiff's amended complaint.

**I.   Introduction**

Plaintiff has failed to provide any legal authority from this Circuit to support his argument that he has plausibly stated claims under the Fair Debt Collection Practices Act ("FCPA"). Instead, he makes bald assertions and mischaracterizes the content of the subject letters while relying upon cases that analyze language dissimilar to that used by FCO. When the actual text of the letters is analyzed under the applicable case law, a plain reading of the subject letters can lead to only one conclusion: FCO clearly and effectively advised plaintiff of his rights to dispute the debt and nothing in the letters overshadowed or obscured his validation rights. Further, plaintiff has failed to provide any support for

- 1 -

his claim that the use of a pseudonym or "desk name" by an individual collector violates 15 U.S.C. § 1692e. Accordingly, plaintiff's Amended Complaint should be dismissed with prejudice.

## II. FCO Never Demanded "Immediate" Payment

Throughout his response brief, and in an effort to buttress his claim that FCO's letters overshadowed his validation rights, plaintiff makes a repeated effort to characterize both of the letters he received as demands for "immediate payment." (*See* Doc. 39, pp. 2-3). Plaintiff's characterization of the letters is patently false, as evidenced by a plain reading of the letters themselves. Nowhere in either of the 2 letters does FCO demand immediate payment. In fact, the opposite is true – FCO's letters request a payment "anytime" and create none of the urgency suggested by plaintiff. It is only a bizarre interpretation of the letter that could lead the unsophisticated consumer into believing that there was an "immediate" demand for payment. *Barnes v. Advanced Call Center Technologies, Inc.*, 493 F.3d 838, 841 (7th Cir. 2007) (debt collection letters are not to be interpreted "in a bizarre or idiosyncratic fashion.")

To be sure, courts have determined that demands for immediate payment made during the 30 day validation period can violate the FDCPA *See Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 519 (7th Cir.1997). This is not that case. FCO never demanded "immediate" payment of plaintiff's debt and did not use any language that created a false sense of urgency. Reading the letters instead of plaintiff's characterization of the language leads inescapably to the conclusion that FCO properly advised plaintiff of

- 2 -

his right to dispute the debt and made no demand payment within a time period shorter than 30 days.

The language used by FCO did not overshadow plaintiff's validation rights under the FDCPA and contained even less urgent phrases than those previously found acceptable in the Seventh Circuit. In this Circuit, phrases such act "now" and requests to call the debt collector "today" have been found to be mere "rhetoric designed to create a mood rather than to convey concrete information or misinformation." *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632 (7th Cir. 2012). In many respects, the letters FCO sent to plaintiff are even more benign than those described and approved of in *Zemeckis*. FCO's letters contain no urgent instruction to pay "immediately", "now" or "today", and they certainly did not ask that plaintiff make payment within a definite time period shorter than 30 days.

**III. The November 14, 2011 Letter Contained No Threat**

In another mischaracterization of the letters he received, plaintiff claims that the November 14, 2011 letter included a "threat" to his credit rating. (Doc. 39, p. 4) Again, this claim is belied by a plain reading of the letter itself. While FCO's letter did advise the consumer that the debt was likely to be credit reported, there was no "threat" couched in this notification. The FCO letter simply informed the plaintiff as follows: "Your account has already been reported or is scheduled to be reported to one or all of the following national credit reporting bureaus…" (Doc. 1-2) This can not be reasonably interpreted as a threat as the letter does not include any implication that plaintiff could

prevent reporting of the account by taking some action. Instead, this is simply a truism that in no way overshadowed the validation notice.

Plaintiff primarily relies upon *Ozkaya v. Telecheck Services*, Inc., 982 F.Supp. 578 (N.D.Ill.1997) to support his claim that the letter contained an unlawful threat. That case, however, is easily distinguishable because the letter at issue in *Ozkaya* contained obviously threatening language not present in FCO's letter. The letter at issue in *Ozkaya* requested payment "quickly" and warned that "any delay" in paying the subject debt would affect the consumer's ability to write checks. *Ozkaya,* 982 F.Supp. at 580. The court found that such language was improper because of the explicit threats it contained. The court stated:

> The letter told Ozkaya that she could be prevented from writing checks or opening a checking account "at over 90,000 merchants and banks who use Telecheck nationally ... [u]ntil this is resolved." An unsophisticated consumer could interpret this to mean that until she pays, she will not be able to write checks—anywhere— because her name is already on some "bad check" list that has been distributed across the country.
>
> * * *
>
> Telecheck conveyed a clear sense of urgency with its statement that "[a]ny delay, or attempt to avoid this debt, may affect your ability to use checks." Likewise, Telecheck implored Ozkaya to send payment so that it could update her file "quickly," and stated that it intended to "resolve" the claim "quickly" as well. An unsophisticated consumer could easily be left with the impression that she has no choice but to pay up quickly or suffer the consequences—instead of demanding verification or attempting to dispute the debt. *Id.*

*Ozkaya,* 982 F.Supp. at 584.

In contrast to threatening language in *Ozkaya*, the language in FCO's letter

contained no threats whatsoever. FCO did not advise plaintiff he would suffer any negative consequences if he failed to pay, and conveyed no sense of urgency in the manner described in *Ozkaya*. FCO's letter merely advised plaintiff that his account was already credit reported, or was scheduled to reported, but did not indicate that plaintiff could avoid credit reporting if he paid any sooner. Certainly, FCO would have liked for plaintiff to have paid the debt timely, and informed plaintiff that he could pay online anytime. However, such language did not overshadow plaintiff's validation rights. As the Seventh Circuit has noted: "Even the most unsophisticated debtor would realize that debt collectors wish to expedite payment, and urging him to hurry does not confuse or undermine his right to his validation period." *Taylor v. Cavalry Investment, L.L.C.*, 365 F.3d 572, 575-6 (7th Cir.2004).

Unlike the threatening language used in *Ozkaya*, the credit reporting language used by FCO is substantially similar to that which was found acceptable in *Schuerkamp v. Afni, Inc.*, 2011 WL 5825969 (D.Or. 2011). In *Schuerkamp*, the court held that the statement "We may report information about your account to credit bureaus" would not mislead the least sophisticated consumer nor would such language overshadow the right to dispute the debt. *Id*. *See also Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410, 417-18 (7th Cir. 2005) (letters sent to consumers that "encouraged debtors to pay their debts by informing them of the possible negative consequences of failing to pay" did not overshadow the validation notice.") Notably, plaintiff failed to address or attempt to distinguish these cases in his response brief.

Like his reliance on *Ozkaya*, plaintiff's reliance on *Chauncey v. JDR Recovery Corp*. 118 F.3d 516 (7th Cir. 1997) to support his claim is similarly misplaced. In *Chauncey*, the collection letter warned that "unless we receive a check or money order for the balance, in full, within thirty (30) days from receipt of this letter, a decision to pursue other avenues to collect the amount due will be made." *Id.,* 118 F.3d at 519. Unlike FCO's letter, the letter in *Chauncey* threatened the plaintiff with certain negative consequences if he did not pay in full <u>before the expiration of the 30 day validation period</u>. The *Chauncey* court found that such language contradicted plaintiff's validation rights and could lead an unsophisticated consumer to be confused as to what his rights were. In contrast, FCO's letter contains no such threats or warnings and did not suggest negative consequences if action was not taken sooner than 30 days.

Another case relied upon by plaintiff, *Russell v. Equifax*, 74 F.3d 30 (2nd Cir.1996) is similarly distinguishable. In *Russell*, the collection letter was captioned "Immediate Collection" and specifically warned that "if you do not dispute this claim (see reverse side) and wish to pay it within the next 10 days we will not post this collection to your file." *Id.*, 74 F.3d at 31. Again, the common denominator between *Russell* and the other cases cited by plaintiff is that they all demand payment in a concrete

period shorter than the 30-day statutory validation period. FCO's letters contain no such language and do not violate the FDCPA.[1]

### IV. Plaintiff Provides No Authority to Support His 15 U.S.C. § 1692e Claim

In its motion to dismiss, FCO provided the Court with substantial authority to support its argument that the use of a pseudonym by an individual employee does not violate 15 U.S.C. § 1692e. In his response, plaintiff fails to address any of that authority and, instead cites to a single case out of Minnesota, *Knoll v. Allied Interstate, Inc.*, 502 F.Supp.2d 943 (D.Minn.2007). *Knoll* is easily distinguishable and actually supports FCO's position here. The issue decided in *Knoll* was <u>not</u> whether an individual collector could use a pseudonym when leaving a message. Rather, the court addressed whether transmitting a false name of the collection agency itself, via a caller identification device, was improper.

The *Knoll* court cited with favor many of the case relied upon by FCO in its motion to dismiss. For example, the *Knoll* court noted that "the use of a professional name or desk name is not uncommon. Neither is it misleading so long as it refers to a particular person." *Knoll,* 502 F.Supp.2d at 947 (citing *Youngblood v. GC Services Ltd.*

---

[1] Plaintiff's opposition brief seems to imply that the mere act of sending a second collection letter within the 30 day validation period violated § 1692g. *See* Doc. 39, pp. 2-3. To the extent plaintiff was making such an argument, that claim is without merit. *See 15 U.S.C. § 1692g(b)* ("Collection activities and communications that do not otherwise violate this title may continue during the 30-day period…"); *Durkin*, 406 F.3d at 417 (in rejecting plaintiff's claim "that virtually all demands for payment during the validation period confuse the unsophisticated debtor as a matter of law", concluding that "certainly a debt collector can send follow-up collection letters (as well as place telephone calls) demanding payment during the validation period.")

*Partnership*, 186 F.Supp.2d 695 (W.D.Tex. 2002)) The *Knoll* court also recognized that the "the intent of § 1692e is not to require that debt collectors use the real names of employees, but to ensure that debtors are made aware that they are being contacted by a particular debt collection agency…" *Id.*

The *Knoll* court found that the problem with the false name being used in the caller identification device was that the identity of <u>the collection agency itself</u> was being masked; it had nothing to do with the use of a false name by an individual collector. *Id*. The allegations in this case relate only to the use a pseudonym by individual employees, and plaintiff does not allege that the FCO employees failed to accurately disclose the name of the debt collection agency.[2]

The FDCPA contains no requirement that an employee of a collection agency provide his individual identity to consumers and plaintiff's claim under § 1692e should be dismissed.[3]

---

[2] Such a claim would be frivolous, of course, because discovery has already been exchanged by the parties and the audio recordings establish without question that each individual collector properly identified the name of the collection agency for whom he worked.

[3] Count II of plaintiff's amended complaint alleges that the use of "desk names" by FCO's collectors violated only § 1692e of the FDCPA. *See* Doc. 3, ¶ 39. In his brief in opposition to FCO's motion to dismiss, plaintiff argues that the use of desk names also violated § 1692f's prohibition on the use of unfair debt collection practices. Regardless of the legal theory underlying the claim, Count II should be dismissed because the use of a desk name by the individual collectors is a standard and recognized practice in the debt collection industry that neither misleads nor unfairly treats a consumer.

## V. Conclusion

WHEREFORE, defendant Fair Collections & Outsourcing, Inc. respectfully moves this Honorable Court to grant its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and dismiss plaintiff's amended complaint against it with prejudice.

>
> Respectfully submitted,
>
> /s/ Daniel W. Pisani
> One of the Attorneys for
> Defendant Fair Collections & Outsourcing, Inc.

Daniel W. Pisani
James K. Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL. L.L.C.
55 West Monroe Street, Suite 1120
Chicago, Illinois 60603
Telephone: (312) 578-0990
Facsimile: (312) 578-0991
E-Mail: dpisani@sessions-law.biz
jschultz@sessions-law.biz

## **CERTIFICATE OF SERVICE**

I certify that on January 14, 2013, a copy of the foregoing **REPLY BRIEF IN SUPPORT OF FAIR COLLECTION & OUTSOURCING, INC.'S MOTION TO DISMISS** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

    Kenneth M. DucDuong
    KMD LAW OFFICE
    35 E. Wacker Dr., 9th Fl.
    Chicago, IL 60601
    (312) 854-7006
    kducduong@kmdlex.com

    Respectfully submitted,

    /s/ Daniel W. Pisani
    One of the Attorneys for
    Fair Collections & Outsourcing, Inc.